

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| LENFORD NEVER MISSES A SHOT, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 3:16-CV-03011-CBK <br><br> ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

 Petitioner Lenford Never Misses A Shot pleaded guilty to sexual abuse of a person incapable of consenting in violation of 18 U.S.C. § 2242(2) and, on May 11, 2004, was sentenced to 210 months custody. He filed a motion (CIV 04-3024) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, relying upon the decision of the United States Supreme Court in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). The petition was summarily dismissed because <u>Blakely</u> has not been found to be retroactive on collateral review to cases that were final when <u>Blakely</u> was decided.

 Petitioner filed a second motion (CIV 06-3019) to vacate, alleging ineffective assistance of counsel and that he was incompetent to enter a plea. The motion was summarily denied pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings For The United States District Courts because he failed to obtain an order from the United States Court of Appeals for the Eighth Circuit authorizing this Court to consider the motion.

 On June 17, 2014, petitioner filed a petition (14-2415) for permission to file a successive habeas petition in the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit denied the petition on April 1, 2015.

 Plaintiff has now filed a third motion to vacate, set aside, or correct his sentence. He contends that he is entitled to have his conviction vacated based upon the Eighth Circuit's opinion in <u>United Sates v. Bruguier</u>, 735 F.3d 754, 760-1 (8th Cir. 2013), which held that, in order to convict a defendant of violating 18 U.S.C. § 2242, the jury must be instructed that they

must find that the defendant knew the victim was incapable of appraising the nature of the conduct or was physically incapable of declining participation in or communicating unwillingness to engage in a sexual act. *Accord*, United States v. Rouillard, 740 F.3d 1170, 1171 (8th Cir. 2014) (the mens rea element under 18 U.S.C. § 2242(2) requires that the defendant have knowledge that the victim is incapacitated) and United States v. Fast Horse, 747 F.3d 1040 (8th Cir. 2014) (same). Petitioner also contends that the indictment was insufficient because he was charged as Lenford Never Misses a Shot but his real name is Linford Louis Walking Crow. His birth certificate was amended in 2015 to reflect the latter name. He contends further that he is not in fact an Indian as required for jurisdiction under 18 U.S.C. §1153. Finally, he contends that applying a four level enhancement for abduction of the victim constitutes double jeopardy because the kidnapping charge was dismissed.

As previously set forth in the order denying petitioner's second motion to vacate, he cannot proceed on a successive petition without the permission of the Eighth Circuit. He has failed to obtain permission from the Eighth Circuit to file yet another motion to vacate.

In any event, petitioner would not be entitled to relief. He was not convicted by a jury but instead pleaded guilty. He signed a factual basis statement stating that he is an Indian and he signed his name as Lenford Never Misses A Shot. He testified under oath at the change of plea hearing that everything in the factual basis statement was true. He testified under oath that "my name is Lenford Never Misses A Shot." He testified at sentencing that his name was Lenford Never Misses A Shot. He also testified at sentencing that he knew the victim was intoxicated and he "went ahead and had sex with her anyway." The argument as to the enhancement for abduction is frivolous.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied. Petitioner's motion to proceed *in forma pauperis*, Doc. 2, is denied as moot.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of

appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 9th day of March, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge